U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 JUL -6 PM 1: 37



BY
DEPUTY CLERK

Prob 12
(D/VT Rev. 12/04)

# UNITED STATES DISTRICT COURT
## For The
## DISTRICT OF VERMONT

U.S.A. vs. Donald Hammalian                            Docket No: 5:15-CR-119-01

### Petition on Probation and Supervised Release

COMES NOW Douglas D. Cowher, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Donald Hammalian, who was placed on supervision by the Honorable Mary S. Scriven sitting in the Court in the Middle District of Florida, on the 6th day of January 2010, who fixed the period of supervision at 20 years.

On August 11, 2015, jurisdiction of this case was transferred to the District of Vermont and on March 3, 2016, with the defendant's consent, the special conditions of supervised release were modified and the following conditions were ordered:

> The defendant shall participate in an approved program of sex offender evaluation and treatment, which may include polygraph examinations, as directed by the probation officer. Any refusal to submit to such assessment or tests as scheduled is a violation of the conditions of supervision. The defendant will be required to pay the cost of treatment as directed by the probation officer. The court authorizes the probation officer to release psychological reports and/or the presentence report to the treatment agency for continuity of treatment.
>
> The defendant shall register as a sex offender in any state where the defendant resides, is employed, performs volunteer service, carries on a vocation, or is a student, as required by law.
>
> The defendant shall provide the probation officer with access to any requested records, such as bills or invoices for credit cards, telephone and wireless communication services, television provider services, and Internet service providers.
>
> The defendant shall provide the probation officer with a complete and current inventory of the number of computers used by the defendant along with a monthly log of computer access.
>
> The defendant shall not use a computer device that has Internet access until a Computer Use Plan is developed and approved by his treatment provider and/or probation officer. Such plan, at a minimum, must require the defendant to submit a monthly record of Internet use, online screen names, encryption methods, and passwords utilized by the defendant.
>
> The defendant shall not access any computer that utilizes any "cleaning" or "wiping" software programs.

U.S.A. vs. Donald Hammalian                                    Docket No: 5:15-CR-119-01

The defendant shall consent to third-party disclosure to any employer, potential employer, community service site, or other interested party, as determined by the probation officer, of any computer-related restrictions that are imposed.

The defendant shall not possess images or videos depicting sexually explicit conduct involving adults, as defined in 18 U.S.C. § 2256(2)(A); child pornography, as defined in 18 U.S.C. § 2256(8); or visual or text content involving minors which has sexual, prurient or violent interests as an inherent purpose.

The defendant shall not associate or have contact, directly or through a third party, with persons under the age of 18, except his own daughter, unless in the presence of a responsible adult who is aware of the nature of the defendant's background, and who has been approved in advance by the probation officer.   Such prohibited contact shall include the use of electronic communication, telephone, or written correspondence.

The defendant shall avoid and is prohibited from being in any areas or locations where children are likely to congregate, such as schools, daycare facilities, playgrounds, theme parks, arcades, recreational facilities, or recreation parks, unless prior approval has been obtained from the probation office.

The defendant shall allow, at the direction of the probation officer and at the defendant's expense, the installation of monitoring hardware or software to monitor the defendant's use of computer systems, internet-capable devices and/or similar electronic devices under the defendant's control.

The defendant may not use sexually oriented telephone numbers or services.

The defendant shall have no contact, directly or through a third party, with the victim(s) in this case.   Such prohibited conduct shall include the use of electronic communication, telephone, or written correspondence.

The defendant shall submit their person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions. Such searches may include the removal of such items for the purpose of conducting a more thorough inspection.   The defendant shall inform other residents of this condition. Failure to submit to a search may be grounds for revocation.

| | |
|---|---|
| U.S.A. vs. Donald Hammalian | Docket No: 5:15-CR-119-01 |

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:
(if short insert here; if lengthy write on separate sheet and attach)

**1.) Mandatory Condition: The defendant shall not commit another federal, state or local crime.**

On or about July 22, 2016, in Bennington, Vermont, Donald Hammalian knowingly possessed child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) as evidenced by the Criminal Complaint and affidavit of Special Agent Caitlin Moynihan of the Department of Homeland Security.

**2.) Standard Condition (3): The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**

On or about January 19, 2017, Donald Hammalian was untruthful with his probation officer when discussing his location on the morning of November 10, 2016, at the time members of the Department of Homeland Security were knocking and announcing their presence at his front door.

This alleged violation is evidenced by statements made by Donald Hammalian to his probation officer, the January 10, 2017, affidavit in support of a search warrant authored by Special Agent Michael McCullagh of the Department of Homeland Security as well as photos obtained from Donald Hammalian's video surveillance system.

PRAYING THAT THE COURT WILL ORDER the issuance of a warrant so that Donald Hammalian may be brought before the Court to show cause why his term of supervised release should not be revoked.

| ORDER OF COURT | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| Considered and ordered this 6 day of July, 2017 and ordered filed and made a part of the records in the above case. It is further ordered that this petition remain SEALED until execution of the warrant. | Executed on July 6, 2017 |
| _____ U.S. District Judge | _____ Douglas D. Cowher U.S. Probation Officer |
| | Place: Brattleboro Date: July 6, 2017 |